IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEPHALON, INC.,<br><br>      Plaintiff,<br>v.<br><br>PROMOTECH RESEARCH ASSOCIATES, INC.<br>1480 Arthur Avenue<br>Louisville, CO 80027,<br><br>And<br><br>VENTIV COMMERCIAL SERVICES, LLC<br>d/b/a INVENTIV COMMERCIAL SERVICES, LLC,<br>500 Atrium Drive<br>Somerset, NJ 08873<br><br>      Defendants. | Civil Action No.: 10-809 |

## (A) DEFENDANTS' ANSWER TO COMPLAINT; AND (B) DEFENDANT PROMOTECH'S COUNTERCLAIM

Defendants Promotech Research Associates, Inc. ("Promotech") and Ventiv Commercial Services, LLC, by way of answer to the complaint of plaintiff Cephalon, Inc., say:

### AS TO NATURE OF ACTION

1. Answering paragraph 1, defendants state that plaintiff purports to claim breach of contract. Except as so stated, defendants deny the allegations of paragraph 1.

### AS TO JURISDICTION AND VENUE

2. Answering paragraph 2, defendants state that plaintiff purports to base subject matter jurisdiction upon 28 U.S.C. §1332. Except as so stated, defendants deny the allegations of paragraph 2.

3. Answering paragraph 3, defendants state that plaintiff purports to base venue upon 28 U.S.C. §1391(a). Except as so stated, defendants deny the allegations of paragraph 3.

## AS TO PARTIES

4. Answering paragraph 4, defendants state that plaintiff has a facility in Frazer, Pennsylvania. Except as so stated, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Answering paragraph 6, defendants state that Ventiv Commercial Services, LLC was formed under New Jersey law and has its principal place of business at 500 Atrium Drive, Somerset, New Jersey 08873. Except as so stated, defendants deny the allegations of paragraph 6.

## AS TO FACTUAL BACKGROUND

7. Answering paragraph 7, defendants state that for several years Cephalon and Promotech have been parties to certain agreements under which Promotech has provided warehousing, distribution, call center, and various other services to Cephalon and that the most recent of these agreements is a Marketing Master Services Agreement dated June 22, 2007. Except as so stated, defendants deny the allegations of paragraph 7.

8. Answering paragraph 8, defendants admit the allegations of the first and second sentences and state that Promotech was to invoice Cephalon for shipping costs as set forth in a statement of work that Promotech typically submitted to Cephalon. Except as so admitted and stated, defendants deny the allegations of paragraph 8.

9. Answering paragraph 9, defendants state that in the latter part of 2009 Cephalon conducted an audit. Except as so stated, defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Answering paragraph 12, defendants state Promotech is a wholly owned subsidiary of InVentiv Health, Inc. Except as so stated, defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

### AS TO COUNT I-Breach of Contract

14. Answering paragraph 14, defendants repeat their responses to the referenced allegations.

15. Answering paragraph 15, defendants state that the Master Services Agreements when coupled with statements of work that Promotech issued to Cephalon created valid contracts. Except as so stated, defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Cephalon's claims are barred in part by the applicable statute of limitations.

#### THIRD AFFIRMATIVE DEFENSE

Cephalon's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Cephalon's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Cephalon's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Cephalon's claims are barred by the course of conduct in which Cephalon engaged with Promotech.

## SEVENTH AFFIRMATIVE DEFENSE

Cephalon's claims are an attempt to obtain an unconscionable and illegal windfall.

## EIGHTH AFFIRMATIVE DEFENSE

There is no basis for Cephalon's naming Ventiv Commercial Services, LLC as a defendant.

## NINTH AFFIRMATIVE DEFENSE

During the course of the Promotech-Cephalon relationship, in or about 2007 and 2008 Promotech, without being contractually required to do so, conferred a benefit on Cephalon by providing Cephalon with program discounts that resulted in the creation of a fund of approximately $1 million that Cephalon employees could use as they saw fit for marketing purposes without obtaining budgetary approval from Cephalon. Upon information and belief, Cephalon treated most of the $1 million off the books. Cephalon has been unjustly enriched at Promotech's expense, and accordingly Promotech is entitled to an offset or payment from Cephalon for this approximately $1 million.

## TENTH AFFIRMATIVE DEFENSE

During the course of the Promotech-Cephalon relationship, for over one year, in or about

2007 and 2008, Promotech, without being contractually required to do so, conferred a benefit on Cephalon by providing Cephalon with two full-time Promotech employees from Promotech's Louisville, Colorado facility to work at Cephalon's Fraser, Pennsylvania facility for the purpose of providing project management for Cephalon. Promotech spent in excess of $200,000 of its own funds to pay, among other things, the travel, housing, and meal expenses of these two employees. Cephalon has been unjustly enriched at Promotech's expense, and accordingly Promotech is entitled to an offset or payment from Cephalon for this sum, which is in excess of $200,000.

WHEREFORE, defendants demand judgment against plaintiff:

A. Dismissing the complaint with prejudice;

B. Awarding costs of suit;

C. Awarding such other relief as the court deems just and proper.

## COUNTERCLAIM

Promotech Research Associates, Inc. ("Promotech"), by way of counterclaim against plaintiff Cephalon, Inc. ("Cephalon"), says:

### PARTIES

1. Promotech is incorporated under the laws of the State of Colorado and has its principal place of business at 1480 Arthur Avenue, Louisville, Colorado 80027.

2. Cephalon has its principal place of business in Frazer, Pennsylvania and uses a mailing address of P. O. Box 2027, Frazer, Pennsylvania 19355

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

a matter between citizens of different states.

4. Venue is proper under 28 U.S.C. §1391(a) and (b) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

5. For several years, Cephalon and Promotech have been parties to certain agreements under which Promotech has provided warehousing, distribution, call center, and various other services to Cephalon. The most recent of these agreements is a Marketing Master Services Agreement dated June 22, 2007.

## COUNT I

(unjust enrichment)

6. During the course of the Promotech-Cephalon relationship, in or about 2007 and 2008 Promotech, without being contractually required to do so, conferred a benefit on Cephalon by providing Cephalon with program discounts that resulted in the creation of a fund of approximately $1 million that Cephalon employees could use as they saw fit for marketing purposes without obtaining budgetary approval from Cephalon. Upon information and belief, Cephalon treated most of the $1 million off the books.

7. Cephalon has been unjustly enriched at Promotech's expense, and accordingly Promotech is entitled to an offset or payment from Cephalon for this approximately $1 million.

## COUNT II

(unjust enrichment)

8. During the course of the Promotech-Cephalon relationship, for over one year, in or about 2007 and 2008, Promotech, without being contractually required to do so, conferred a benefit on Cephalon by providing Cephalon with two full-time Promotech employees from

Promotech's Louisville, Colorado facility to work at Cephalon's Fraser, Pennsylvania facility for the purpose of providing project management for Cephalon. Promotech spent in excess of $200,000 of its own funds to pay, among other things, the travel, housing, and meal expenses of these two employees.

9. Cephalon has been unjustly enriched at Promotech's expense, and accordingly Promotech is entitled to an offset or payment from Cephalon for this sum, which is in excess of $200,000.

WHEREFORE, Promotech demands judgment against Cephalon for:

A. Damages;

B. Equitable monetary recovery;

B. Interest and costs of suit;

D. Such other relief as the Court deems just and proper.

                                      TALLMAN, HUDDERS SORRENTINO
Pennsylvania office of
NORRIS, McLAUGHLIN & MARCUS, P.A.

By: /s/ *Steven E. Hoffman*
      Steven E. Hoffman
      Attorney I.D. # 63911
      Edward J. Easterly
      Attorney I.D. # 204546
      1611 Pond Road, Suite 300
      Allentown, PA 18104-2258
      Attorneys for Defendants Promotech Research
      Associates, Inc. and Ventiv Commercial Service,
      LLC and for Counterclaimant Promotech Research
      Associates, Inc.

Dated: April 30, 2010

Of Counsel:
Joseph J. Fleischman
Norris, McLaughlin & Marcus, P.A.
721 Route 202-206
Bridgewater, New Jersey 08807

| | |
|---|---|
| CEPHALON, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> PROMOTECH RESEARCH ASSOCIATES, : <br> INC. : <br> 1480 Arthur Avenue : <br> Louisville, CO  80027, : <br> : <br> And : <br> : <br> VENTIV COMMERCIAL SERVICES, LLC : <br> d/b/a INVENTIV COMMERCIAL : <br> SERVICES, LLC, : <br> 500 Atrium Drive : <br> Somerset, NJ  08873 : <br> : <br> Defendants. : <br> : | Civil Action No.  10-809 |

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, do hereby certify that a true and correct copy of (A) "Defendants' answer to complaint; and (B) Defendant Cephalon's counterclaim" was filed electronically on April 30, 2010 with the Clerk and is available for viewing and downloading from the ECF System.

By: /s/ *Steven E. Hoffman*
Steven E. Hoffman
Attorney I.D. No. 63911
1611 Pond Road, Suite 300
Allentown, PA  18104-2258
Attorneys for Defendants
Promotech Research Associates, Inc. and Ventiv
Commercial Service, LLC and for Counterclaimant
Promotech Research Associates, Inc.

Dated: April 30, 2010

8